**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4364

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE LYNN THOMS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-02-53)

Submitted: September 23, 2005          Decided: October 12, 2005

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul J. Harris, Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamie Lynn Thoms appeals her three-month sentence imposed by the district court for violations of her supervised release. We affirm. During her supervised release, Thoms pled guilty to driving a vehicle under the influence of alcohol. Thoms claims that the district court erred when it allowed the police officers who arrested her to testify at her revocation hearing without giving her prior notice of the testimony. This court reviews a district court's revocation of supervised release for abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).

The Government notified Thoms prior to the hearing that it intended to prove her conduct was serious enough to revoke her supervised release. Although the Government did not specifically note the police officers' testimony as its method of proof, it did notify Thoms of the subject matter of the officers' testimony. Thoms had notice of the content of the officers' testimony regardless of whether she knew about that testimony prior to the hearing. The district court did not abuse its discretion in allowing the testimony of the police officers.

Thoms also claims that the decision in United States v. Booker, 125 S. Ct. 738 (2005), affected her sentence. However, because the sentencing guidelines relating to revocation of supervised release have always been advisory, see U.S. Sentencing

Guidelines Manual Ch. 7, Pt. A, the sentence imposed after the revocation of her supervised release is not impacted by Booker. Thoms claims that her current sentence is part of her original sentence and that Booker should apply to her original sentence. However, a defendant may not challenge, for the first time on appeal from the revocation of supervised release, her sentence for the underlying offense. See United States v. White, 416 F.3d 1313, 1316 (11th Cir. 2005). Booker does not apply to Thoms' sentence and the district court did not err in imposing its sentence. Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED